UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
APL CO. PTE. LTD., AMERICAN            REPORT AND
PRESIDENT LINES, LTD.,            RECOMMENDATION
          Plaintiff,
      - against -            19-CV-5470 (FB) (JO)

OWL PLASTICS INTERNATIONAL INC.,
          Defendant.
----------------------------------------------------------X

James Orenstein, Magistrate Judge:

       Plaintiff APL Co. Pte Ltd., American President Lines, Ltd. ("APL") seeks a default judgment for a sum certain against defendant Owl Plastics International Inc. ("Owl"). *See* Docket Entry ("DE") 12; Fed. R. Civ. P. 55(b). On a referral from the Honorable Frederic Block, United States District Judge, and for the reasons set forth below, I respectfully recommend that the court enter a default judgment on the first cause of action, dismiss the remaining two causes of action seeking identical relief, and award the plaintiff a total of $259,951.12, consisting of $197,210.87 in damages, $62,340.25 in prejudgment interest, and $400 in costs.

I.     <u>Background</u>

       APL filed a Complaint on September 26, 2019, asserting claims against Owl for breach of contract, account stated, and restitution based on Owl's alleged failure to pay invoices that APL issued under the parties' multiple maritime contracts. *See* DE 1. In its prayer for relief, APL sought an award of $197,210.87 plus interest, costs, and attorneys' fees. *See id.* at 4. APL served Owl on October 23, 2019. *See* DE 6. Owl never appeared, and at APL's request, the Clerk entered its default on November 25, 2019. *See* DE 7; DE 9. APL filed the instant motion on January 10, 2020, and served copies of its motion papers on Owl. *See* DE 12; DE 14. Owl has not responded.

II.   Discussion

   A.   Default

When a defendant defaults, the court must accept as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6); *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The fact that the Complaint stands unanswered, however, does not suffice to establish liability on its claims; a default does not establish conclusory allegations, nor does it excuse any defects in a pleading. With respect to liability, a defendant's default does no more than concede the Complaint's factual allegations; it remains the plaintiff's burden to establish that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action. *See, e.g., Finkel*, 577 F.3d at 84.

   B.   Liability

The Complaint's unrebutted, non-conclusory allegations, combined with Owl's default, establishes that between March and July of 2016, the parties executed multiple bills of lading for the ocean carriage of containerized cargoes of plastic scraps from the United States to Chinese ports. APL performed as required but Owl breached its obligations by failing to pay the freight fees and expenses totaling $197,210.87 that APL invoiced. *See* Complaint ¶¶ 7-9, 13. Those allegations suffice to establish the contract claim that APL asserts as its first cause of action. If the court adopts the foregoing analysis and enters judgment on the contract claim, it should also dismiss APL's remaining claims for account stated and restitution, each of which seeks duplicative relief.

   C.   Relief

Because the plaintiff's complaint seeks a sum certain, the court "must enter judgment for that amount and costs[.]" Fed. R. Civ. P. 55(b)(1). I therefore respectfully recommend that the court

2

award the damages sum of $197,210.87 the Complaint specifies, as well as costs in the amount of $400.[1]

I also respectfully recommend a discretionary award of prejudgment interest. *See Mitsui & Co., Ltd. v. American Export Lines, Inc.*, 636 F.2d 807, 823 (2d. Cir. 1981) (citations omitted; interest should be awarded in the absence of exceptional circumstances). Prejudgment interest "shall be computed from the earliest ascertainable date the cause of action existed," and, in the event that damages were incurred at various times, "upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *Bluelinx Corp. v. New York Rebar Supply, Inc.*, 2014 WL 4293701, at *3 (E.D.N.Y. Feb. 28, 2014) (citing N.Y. C.P.L.R. § 5001). As the invoices APL has submitted establish, Owl should have paid about three-quarters of the outstanding bills by September 15, 2016, and the remainder by March 16, 2018. *See* DE 13 ¶ 2 & Ex. 5. Based on that information, I conclude that a reasonable intermediate date to use as the starting date for interest calculations is January 30, 2017 (approximately one-quarter of the time from the earlier date to the later one). The statutory prejudgment annual interest rate is nine percent. *See* N.Y. C.P.L.R. § 5004. Assuming that the court enters judgment on August 4, 2020 (the earliest reasonably likely date, after allowing time for objections to this report and recommendation), I respectfully recommend an award of $62,340.25 in prejudgment interest.[2]

---

[1] The docket establishes that APL has incurred costs of $400 to file the Complaint, but APL has not provided any invoice or other documentation substantiating its claim for $89.99 in costs to serve process on Owl. To the extent the record reflects anything at all about the service cost, I note the affidavit of service refers to a "$40.00 fee" but does not reflect if APL paid it. *See* DE 13-2 at 2.

[2] There are 1,282 days from January 30, 2017 to August 4, 2020. I calculate as follows: $197,210.87 principal * 0.09 annual interest * 1,282 days / 365 days per year = $62,340.25.

3

III.    Recommendation

For the reasons set forth above, I respectfully recommend that the court enter a default judgment on the first cause of action, dismiss the remaining two causes of action seeking identical relief, and award the plaintiff a total of $259,951.12, consisting of $197,210.87 in damages, $62,340.25 in prejudgment interest, and $400 in costs.

IV.    Objections

I respectfully direct the plaintiff to serve a copy of this Report and Recommendation on the defendant by certified mail, and to file proof of service no later than July 23, 2020. Any objections to this Report and Recommendation are due by August 3, 2020. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

        SO ORDERED.

Dated: Brooklyn, New York
       July 20, 2020

                                        /s/
                                     James Orenstein
                                     U.S. Magistrate Judge